2 F.2d 367 (1924)
WESTERN FUNERAL BENEFIT ASS'N
v.
HELLMICH, Collector of Internal Revenue.
No. 6554.
District Court, E. D. Missouri, E. D.
October 28, 1924.
*368 Ferris & Rosskopf, of St. Louis, Mo., for plaintiff.
Forest D. Siefkin, Sp. Atty., Bureau of Internal Revenue, Allen Curry, U. S. Atty., and Claude M. Crooks, Asst. U. S. Atty., both of St. Louis, Mo., for defendant.
DAVIS, District Judge.
This is an action brought by the Western Funeral Benefit Association, a corporation duly organized and existing under the laws of Missouri, against Arnold J. Hellmich, collector of internal revenue for the Eastern district of Missouri, to recover insurance policy premium taxes alleged to have been erroneously assessed and collected under the provisions of section 504 of the Revenue Act of 1917 (Comp. St. § 6309¼a), and section 503 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6309 1/3d), for the period from November, 1917, to May, 1921, inclusive.
The petition is in two counts, the first dealing with the period from May, 1917, to March, 1919; the second with the period from April, 1919, to May, 1921. Plaintiff alleges that it is a "fraternal beneficial association" without capital stock, purely mutual, with a membership of white persons who are members of fraternal beneficiary associations operating under the lodge system; that it is itself a fraternal association operating under the lodge system and for the exclusive benefit of members of a fraternity itself operating under the lodge system and providing for the payment of life benefits to the dependents of the members thereof within the meaning of section 231 (3) of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6336 1/8o), and section 11 (a) (3) of the Revenue Act of 1916 (Comp. St. § 6336k). The petition further alleges that the taxes sought to be recovered were assessed under section 504 of the Revenue Act of 1917 for the period from November, 1917, to March, 1919, in the sum of $9,370.80, and, it is alleged, were illegal and void because the plaintiff was exempt from taxes under section 504 of the Revenue Act of 1917, in that it came within the limitations imposed by section 504 (d) of said act which exempted from the tax those organizations exempted by the provisions of section 11 (a) (3) of the Revenue Act of 1916. The plaintiff also alleges that a claim for abatement was denied; that the taxes were paid involuntarily and under protest; that a claim for refund was filed and rejected; that the defendant wrongfully withholds from the plaintiff the amount of the tax; and that the defendant is indebted to the plaintiff and has refused to pay after demand. The above are substantially the allegations of the first count. The second count is substantially the same, except that it covers taxes for the later period.
Suit was brought on November 17, 1923, and on January, 1924, the defendant filed an answer in the nature of a general denial to each of the counts of plaintiff's petition.

The Evidence.
The plaintiff was organized under the laws of Missouri as a fraternal and benevolent association, and it has been so regarded by the insurance departments of the state of Missouri down to the time of the trial. Its method of doing business was this: It circularized the officials of lodges and organizations whose secretary would furnish the plaintiff with the names and other information concerning members of the organization who desired a policy or certificate in the plaintiff association. Thereupon the policies would be issued and delivered to the secretary of the lodge, who in turn would deliver them to the individual members of the lodge who had requested such insurance. The secretary of the local lodge collected all duties or assessments and remitted the same to the plaintiff. The insurance remained in force as long as the holder of the certificate was in good standing in his local lodge or organization and ceased when that status ceased. Each of the policies provided a death benefit in the sum of $250, payable to the beneficiary named by the policy holder.
The plaintiff association held a meeting every three years at which delegates representing the local lodges or orders were entitled to attend. The business of the plaintiff was carried on in the main by its board of directors, which consisted of its president, treasurer, secretary, two members of its auditing committee, and three individual members.
During the period from November 1, 1917, to February 28, 1919, approximately *369 86 local lodges or organizations were affiliated with the plaintiff, and the number of outstanding benefit certificates was about 42,000. In the period from March 1, 1919, to December 31, 1920, approximately 106 local organizations were affiliated with the plaintiff and the number of outstanding policies was about 77,000. The sources of income derived by plaintiff were the monthly assessments of the holders of the benefit certificates, together with an enrollment fee of 50 cents per member and a charge of 5 cents per member for reinstatement. From the fund thus created, death benefits were paid.

The Issue.
Without reciting sections of the statute which impose the tax under consideration herein, it will be sufficient to state that the issue here is to be decided upon whether or not the plaintiff brings itself within the exemption set forth in section 11 of title 1 of the Revenue Act of 1916, or section 231 of title 2 of the Revenue Act of 1918. These two acts are practically the same and the exemption is stated in this form:
"That there shall not be taxed under this title any income received by any * * *
"Fraternal beneficiary society, order, or association, operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system, and providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents."
The issue therefore becomes: First, is the plaintiff a fraternal beneficiary society, order, or association operating under the lodge system; or, is the plaintiff a fraternal beneficiary society, order, or association operating for the exclusive benefit of the members of a fraternity itself operating under the lodge system.
I. In passing upon the questions herein involved, it will be well to keep in mind the rule by which the court must be guided. This rule seems to have run through all of the decisions, and in the case of Bank of Commerce v. Tennessee, 161 U. S. 134, 16 S. Ct. 456, 4 L. Ed. 645, the court after citing several cases puts the principle in this form: "These cases show the principle upon which is founded the rule that a claim for exemption from taxation must be clearly made out. Taxes being the sole means by which sovereignties can maintain their existence, any claim on the part of any one to be exempt from the full payment of his share of taxes on any portion of his property must on that account be clearly defined and founded upon plain language. There must be no doubt or ambiguity in the language used upon which the claim to the exemption is founded. It has been said that a well-founded doubt is fatal to the claim; no implication will be indulged in for the purpose of construing the language used as giving the claim for exemption, where such claim is not founded upon the plain and clearly expressed intention of the taxing power."
There seems to be no question in the case but that plaintiff itself does not operate under the lodge system. The clause "fraternal beneficiary society, order or association operating under the lodge system" means that whatever the nature of the organization, it must be operated as a lodge in order for the exemption to attach. There are many organizations of this character, and the purpose of the statute, no doubt, was to attempt to cover all, and hence they are designated "societies, orders, or associations." No matter how such an organization is designated, it is only in the event that it operates under a procedure such as that adopted by lodges that it is exempt from taxation. The language is practically the same in both of the exemption statutes involved in this case, and there seems to be no escape from the conclusion that it includes only such societies and orders and associations as operate under the lodge system.
By the "lodge system" is generally understood an organization which holds regular meetings at a designated place, adopts a representative form of government, and performs its work according to a ritual. That does not seem to be a very harsh definition of what is usually understood as the lodge system and is not so strict in its requirements as the definitions often stated in the statute books.
The plaintiff, in order to bring itself within the statute, was obliged to establish the fact that it did so operate and this it does not seem to have done.
II. Is the plaintiff exempt from taxation under the second subdivision of the statute? That is, is the plaintiff a fraternal beneficiary society, order, or association operating for the exclusive benefit of the members of a fraternity itself operating under the lodge system? Under this subdivision it does not seem to have been necessary that plaintiff operate as a lodge, provided it is carrying on its activities for the exclusive benefit of the members of a fraternity which *370 does so operate. The plaintiff does not assert that it is carrying on its activities for the exclusive benefit of the members of a fraternity, but contends it is operating for the benefit of the members of many fraternities. Even if the plaintiff is not held to a strict degree of proof in that regard, the burden does seem to be upon it to show that its business redounds to the benefit of members of fraternal orders operating under the lodge system.
The evidence and exhibits in this case disclosed that there were many lodges or organizations, from 80 to 100, whose members availed themselves of the facilities of insurance offered by the plaintiff. The character of these societies and the manner in which they carry on their business is not revealed by the evidence in this case. Some of the organizations, like the Knights of Pythias, the Order of Owls, the Order of Red Men, might be said to be so well known as lodges as to require no proof. That is, the court might be justified in taking judicial notice of their character  a fact which is here neither asserted nor denied. On the other hand, there were a few organizations whose members carry certificates in plaintiff association who were conceded not to be operating under the lodge system. At least if it were not conceded, the plaintiff did not assert that they were such organizations. We have reference to the South Hills Republican Club, the Montooth Republican Club, the Shrewsbury Park Association, and a few others. Aside from these organizations, whose nature are so well known, and the last-named societies who are so little known, we have, in this case, a great number of organizations. The Victory Beneficial and Social Association, the Workingmen's Benefit Association, the Yale Loop Association, the Reliable Life & Accident Company, the Independent Circle of United States and Cuba, Progressive Cis-Oceanics, and numerous other orders, concerning which the evidence reveals nothing. It seems to have been fairly well disclosed that plaintiff accepted business from organizations who chose to adopt its plan without any particular inquiry into the nature of the organizations or the manner in which they carried on their business. It is contended that the policy holders of plaintiff, who are not members of duly constituted lodges, are so insignificant that that fact ought not to affect the situation in view of the general nature of plaintiff's business. This probably is true, but the plaintiff is claiming an exemption from taxation and in doing so asserts that it comes within the exemption clause of a certain statute. It does not seem to be asking too much of it that it fairly, if not strictly, bring itself within the terms of the statute. The rule by which we are to be governed, as above stated, required of the plaintiff a strict degree of proof in order to establish its exemption. It seems that it has not brought itself within the statute even if we only require a reasonably and fairly exact degree of proof.
It follows therefore that the judgment must be for the defendant on both counts of the petition.